IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

MICHAEL STEWART and
SHANNON HOWARD,

    Plaintiffs,

  v.

TROUP COUNTY, GEORGIA and
JAMES WOODRUFF, in his official
capacity as Sheriff of Troup County,

    Defendants.

Civil Action Number:

## COMPLAINT

Plaintiffs Michael Stewart and Shannon Howard brings this complaint for damages and other relief against Defendants Troup County, Georgia ("Defendant Troup County") and James Woodruff, in his official capacity as Sherriff of Troup County ("Defendant Woodruff"), and state and allege as follows:

### INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs also assert a state law contract claim for unpaid gap time.

### PARTIES

2. Plaintiff Stewart is a resident of Troup County, Georgia.

3. Plaintiff Howard is a resident of Russell County, Alabama.

4. Defendant James Woodruff is the acting Sheriff of Troup County, Georgia.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 (federal question).

6. The Court has jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Plaintiffs' state law claim arises out of a common nucleus of operative fact as their federal claim because both claims arise out of Defendants' wage and hour policies and practices.

8. Under 28 U.S.C. § 1391, venue is proper in the Newnan Division of the United States District Court for the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Newnan Division of the United States District Court for the Northern District of Georgia.

## COUNT I: FAILURE TO PAY OVERTIME

9. Plaintiffs are Deputy Sheriffs who worked in the Court Services Division of the Troup County Sheriff's Office during the three years preceding the filing of the complaint in this action.

10. Defendant Woodruff, in his official capacity, was the employer of Plaintiffs pursuant to the FLSA.

11. Defendant Troup County was a joint employer of Plaintiffs pursuant to the FLSA.

12. Plaintiff are paid an hourly wage for their work at Deputy Sheriffs.

13. The Deputy Sheriffs in the Court Services Division provide security services at the Troup County Government Center.

14. As a result of the above policies, Plaintiffs were often compensated for 80 hours of work in a two week payperiod when, in reality, they had worked additional hours more hours.

15. Defendants' regularly failed to pay Plaintiffs any compensation at all for substantial numbers of overtime and non-overtime hours worked.

16. Plaintiffs seek damages in the amount of their unpaid overtime wages, liquidated damages, and such other legal and equitable relief as the Court deems proper.

17. Plaintiffs also seek the recovery of their attorney's fees and costs as provided by the FLSA.

## COUNT II: BREACH OF CONTRACT

18. Defendants employed Plaintiffs to perform work as Sheriff's Deputies.

19. Defendants agreed to pay Plaintiffs an hourly wage for all of their work hours.

20. Defendants' agreement to pay an hourly wage to Plaintiffs constituted a binding contract.

21. Defendants' failed to pay Plaintiffs their agreed-upon hourly wage for all hours worked.

22. Each time Defendants' failed to pay the agreed-upon wage for all hours worked, Defendants' breached their contractual agreements with Plaintiffs.

23. Defendants are liable to Plaintiffs for the amount of unpaid straight time wages that they worked in non-overtime weeks ("gap time").

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiff respectfully pray that:

I. The Court enter judgment in favor of Plaintiffs;

II. The Court enter judgment against Defendants that their violations of the FLSA were willful;

III. The Court award Plaintiffs all unpaid wages, as provided for by the FLSA;

IV. The Court award Plaintiffs liquidated damages equal to the amount of all unpaid wages, as provided for by the FLSA;

V. The Court award Plaintiffs unpaid wages pursuant to their breach of contract claim;

VI. The Court award Plaintiffs prejudgment interest;

VII. The Court award Plaintiffs reasonable costs and attorney's fees, as provided for by the FLSA; and

VIII. The Court grant Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted: December 12, 2013

MAYS & KERR LLC
235 Peachtree Street NE
North Tower| Suite 202
Atlanta, Georgia 30303
Telephone: (404) 410-7998
Facsimile: (404) 855-4066

s/ Jeff Kerr
Jeff Kerr, Esq.
Georgia Bar No. 634260
jeff@maysandkerr.com

Counsel for Plaintiffs